IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

KENNETH NELSON,
    #315262
        Plaintiff,

vs.                                   Case No.: 5:12cv280/MMP/EMT

C.O. WATSON, et al.,
        Defendants.

___

## REPORT AND RECOMMENDATION

This cause filed pursuant to Title 42 United States Code Section 1983 is presently before the court on Plaintiff's civil rights complaint (doc. 1). Leave to proceed in forma pauperis was granted, and no initial partial filing fee was assessed (doc. 8). Upon review of Plaintiff's complaint, the court concludes that this case should be dismissed because Plaintiff has failed to state a constitutional claim and he is presently precluded from recovering the damages he seeks.

BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Kenneth Nelson, who is currently incarcerated at Graceville Correctional Facility ("GCF"), names five Defendants in this action, all of whom are employed at GCF: C.O. Warren, Warden Gillis, Captain Taylor, C.O. Watson, and Assistant Warden Ellis (doc. 1 at 2–3). Plaintiff alleges that his due process rights were violated when he received and was found guilty of an unwarranted disciplinary report ("DR"), which charged him with "establishing a relationship with staff" (*id*. at 6).

More specifically, Plaintiff states he received a DR on April 23, 2012, for establishing a relationship with staff (doc. 1 at 6). C.O. Warren and Captain Taylor found him guilty of the DR

after a hearing (*id*.), and his penalty was sixty days of disciplinary confinement and a loss of 180-days gain time (*id.*). Plaintiff appealed, and the DR was overturned by C.O. Watson and Warden Gillis (*id*.). Because his appeal was successful, Plaintiff maintains that he sat in confinement for twenty-seven (27) days "for nothing" (*id*.). He claims that the administration does not like him writing grievances, and in support of this he cites the fact that he has received ten (10) DR's in an unspecified period of time (*id.*). Plaintiff also suggests that his gain time has not been properly re-credited to his gain time sheet (*id.*). Assistant Warden Ellis is not mentioned within the body of his complaint.

Plaintiff claims that his rights were violated under the Due Process Clause of the Fourteenth Amendment when he was placed in confinement and lost 180 days of gain time, although the DR was ultimately overturned (doc. 1 at 8). As relief, he seeks monetary damages in the amount of $27,000.00, or $1000.00 per day, to compensate him for the twenty-seven days he spent in confinement before the DR was overturned (*id.*). Plaintiff also states the compensation is for his "pain and suffering and being accused of something [he] did not do" (*id.*).[1]

DISCUSSION

Because Plaintiff is proceeding in forma pauperis, the court is required to dismiss the case at any time if it determines that the "action or appeal" is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B). A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989). Dismissals for failure to state a claim under 1915(e)(2)(B)(ii), which tracks the language of Fed. R. Civ. P. 12(b)(6), are governed by the

---

[1] Plaintiff does not identify restoration of gain time as a goal of the instant action. Nevertheless, it should be noted that a complaint about the loss of gain time credits may not be actionable under § 1983 since it may be in the nature of habeas corpus. The Supreme Court stated in Preiser v. Rodriguez, 411 U.S. 475, 490 (1973), that "Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983." Claims for restoration of gain time credit are properly treated as requests for habeas corpus relief. *Id*. at 488–90; McKinnis v. Mosley, 693 F.2d 1054, 1056–57 (11th Cir. 1982); Johnson v. Hardy, 601 F.2d 172, 173 (5th Cir. 1979). Regardless of the label Plaintiff may place on the action, any challenge to the fact or duration of a prisoner's confinement is properly treated as a habeas corpus claim. *See* Prather v. Norman, 901 F.2d 915, 918–19 n.4 (11th Cir. 1990) (per curiam); McKinnis, 693 F.2d at 1057.

same standard as that rule. Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff. *See* Pielage v. McConnell, 516 F.3d 1282 (11th Cir. 2008); Thaeter v. Palm Beach County Sheriff's Office, 449 F.3d 1342, 1352 (11th Cir. 2006); Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). Plaintiff must allege more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action," and his complaint must include factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964–65, 1973 n.14 (2007) (declining to apply a heightened pleading standard, and abrogating Conley v. Gibson, 355 U.S. 41, 47, 78, S. Ct. 99, 2 L. Ed. 2d 80 (1957) ("a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. at 45–46, 78 S. Ct. 99.)) A complaint is subject to dismissal for failure to state a claim "when its allegations, on their face, show that an affirmative defense bars recovery on the claim." Douglas v. Yates, 535 F.3d 1316, 1321 (11th Cir. 2008) (quoting Cottone v. Jenne, 326 F.3d 1352, 1357 (11th Cir. 2003)). Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant. Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007) (citing Hall v. United Ins. Co. Of Am., 367 F.3d 1255, 1263 (11th Cir. 2004)). Upon review of Plaintiff's complaint, the court concludes that Plaintiff has not presented an actionable claim and that sua sponte dismissal is therefore warranted. Vanderberg v. Donaldson, 259 F.3d 1321, 1323 (11th Cir. 2001).

The Due Process Clause protects against deprivations of "life, liberty, or property without due process of law." U.S. Const. Amend. XIV. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Nevertheless, a disciplinary proceeding, whose outcome will "impose[ ] atypical and significant hardship on the inmate," must ensure the following due process rights: (1) advance written notice of the claimed violation, (2) an opportunity to call witnesses and present documentary evidence in his defense when doing so would not unduly interfere with institutional safety or correctional goals, and (3) a written statement by the fact finders as to the evidence relied upon and the reasons for the disciplinary action taken. O'Bryant v. Finch,

637 F.3d 1207, 1213 (11th Cir. 2011) (citing Wolff, 418 U.S. at 563–67); Bass v. Perrin, 170 F.3d 1312, 1318 (11th Cir. 1999). In regard to the third requirement, the Supreme Court has held that the district court need only inquire into whether there is "any evidence" upon which the disciplinary team could base its decision. O'Bryant, 637 F.3d at 1213 (*citing* Superintendent v. Hill, 472 U.S. 445, 455 (1985)); *see also* Wiliams v. Fountain, 77 F.3d 372, 374–75 (11th Cir. 1996); Hartsfield v. Nichols, 511 F.3d 826 (8th Cir. 2008). Reliance upon the observations of a correctional officer and his written report can alone be sufficient to meet the evidentiary standard. O'Bryant, 637 F.3d at 1213–14; Hill, 472 U.S. at 456–57; Hartsfield, 511 F.3d at 831 ("a report from a correctional officer, even if disputed by the inmate and supported by no other evidence, legally suffices as 'some evidence' upon which to base a prison disciplinary violation, if the violation is found by an impartial decisionmaker."). Although the nature of the process Plaintiff received in the initial proceedings is unclear from the complaint, what is clear is that he had, and successfully availed himself of, the right to appeal, a protection not mandated by Wolff or Hill. *See* O'Bryant, 637 F.3d at 1215. Thus, from the allegations in the complaint it is clear that the process he was afforded protected—rather than harmed—him.

More importantly, even if Plaintiff were able to re-frame his complaint to state a constitutional claim, he would not be able to recover the damages he seeks, as his request for damages is precluded by subsection (e) of 42 U.S.C. § 1997e. This statute provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." The Eleventh Circuit has decided that the phrase "Federal civil actions" means all federal claims, including constitutional claims. Napier v. Preslicka, 314 F.3d 528, 532 (11th Cir. 2000) (citing Harris v. Garner, 216 F.3d 970, 984–85 (11th Cir. 2000) (en banc)). In order to satisfy section 1997e(e), a prisoner must allege more than a de minimis physical injury. Harris v. Garner, 190 F.3d 1279, 1286–87 (11th Cir. 1999), *reh'g en banc granted and opinion vacated*, 197 F.3d 1059 (11th Cir. 1999), *opinion reinstated in pertinent part en banc*, 216 F.3d 970 (11th Cir. 2000)) ("We therefore join the Fifth Circuit in fusing the physical injury analysis under section 1997e(e) with the framework set out by the Supreme Court in Hudson [v. McMillian, 503 U.S. 1 (1992)] for analyzing claims brought under the Eighth Amendment for cruel and unusual punishment, and hold

that in order to satisfy section 1997e(e) the physical injury must be more than de minimis, but need not be significant."); Osterback v. Ingram, No. 3:96cv580/LAC/SMN, 2000 WL 297840, at *10 (N.D. Fla. Jan. 12, 2000). Accordingly, a prisoner may not recover compensatory and punitive damages for mental or emotional injury absent a showing of more than de minimis physical injury. Here, there are no allegations of any physical injury, de minimis or otherwise, and therefore Plaintiff's complaint should be dismissed.

Accordingly, it is respectfully **RECOMMENDED**:

That this cause be **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

At Pensacola, Florida, this 28th day of November 2012.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**